IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEALTH MASTERS INTERNATIONAL, LTD., Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-12-3421 |
| JASON "JAY" KUBASSEK, *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 12] filed by Defendants Aaron Rashkin and Sophia Rashkin, to which Plaintiff Wealth Masters International, Ltd. ("WMI") filed a Response [Doc. # 27], and the Rashkins filed a Reply [Doc. # 30].[1] Also pending is the Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 14] filed by Defendant Andrew Cass, to which Plaintiff filed a Response [Doc. # 26]. Notwithstanding the Court's Order [Doc. # 31] that Cass file either a Reply or a statement of consent to personal jurisdiction, Cass has filed neither. Having reviewed the full record and applied relevant legal authorities, the Court **denies** both motions.

---

[1] Plaintiff filed a Sur-Reply and Motion to Strike [Doc. # 32], the Rashkins filed a Motion to Strike Plaintiff's Sur-Reply [Doc. # 33], and Plaintiff filed a Response to the Rashkins' Motion to Strike [Doc. # 34]. Because Plaintiff failed to request and obtain leave of court before filing the Sur-Reply, that document and all subsequent documents filed in connection with the Rashkins' Motion to Dismiss are **stricken**.

## I.     BACKGROUND

WMI, a Texas limited partnership, is a network marketing company that sells products designed to educate individuals on financial planning. Most of WMI's sales consultants are independent contractors. The Rashkins, citizens of Colorado, were among WMI's leading sales consultants. WMI alleges that all sales consultants are required to sign up online and to accept the WMI Independent Consultant and Business Center Agreement ("Consultant Agreement") that expressly incorporates WMI's Statement of Policies and Procedures ("Policies"). Cass, a citizen of Florida, was WMI's Vice President of Business Development. Employees, such as Cass, are required to sign an Employment Agreement in addition to the Consultant Agreement. Additionally, the Rashkins and Cass served as members of WMI's Executive Committee, WMI's functional equivalent to a board of directors. Members of the Executive Committee sign an additional agreement ("EC Agreement").

WMI filed this lawsuit in Texas state court alleging that Cass, the Rashkins, and others misappropriated its confidential information and trade secrets, and solicited WMI's employees and sales consultants to compete against WMI in violation of their fiduciary duties. Specifically, WMI alleges that Defendant Jason "Jay" Kubassek began to use his internet marketing company, CCP, to sell competing products using WMI's proprietary information.

Following removal by Defendants, Cass and the Rashkins filed their Motions to Dismiss for Lack of Personal Jurisdiction. The parties engaged in discovery on the jurisdictional issues, and the Motions have been fully briefed and are ripe for decision.

## II.    STANDARD FOR PERSONAL JURISDICTION

A federal court may exercise personal jurisdiction over a nonresident defendant if that assertion of personal jurisdiction comports with federal constitutional requirements. *See Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The constitutional requirements are satisfied if the nonresident purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts there such that it could reasonably anticipate being haled into court in the forum state, and if the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *See J. McIntyre Machinery, Ltd. v. Nicastro*, __ U.S. __, 131 S. Ct. 2780, 2787-88 (2011); *Clemens*, 615 F.3d at 378.

Minimum contacts with Texas may result in a federal court's "general" or "specific" jurisdiction over a nonresident defendant. *See Clemens*, 615 F.3d at 378; *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990). General jurisdiction exists when a nonresident defendant has engaged in continuous and systematic contacts with the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __, 131 S. Ct. 2846, 2851 (2011); *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Specific jurisdiction exists if the plaintiff can establish that the lawsuit arises out of, or relates to, the nonresident defendant's particular activity or contacts with or within the forum state.  *See Clemens*, 615 F.3d at 378-79.

In all cases, the plaintiff bears the ultimate burden of showing that the nonresident defendant is subject to personal jurisdiction in the forum state.  *See Clemens,* 615 F.3d at 378.  On a motion to dismiss decided without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction; proof by a preponderance of the evidence is not required.  *Id.*  Conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.  *See id.*; *Bullion,* 895 F.2d at 215.  Each defendant's contacts with the forum must be analyzed individually.  *Dontos v. Vendomation NZ Ltd.*, 2012 WL 3702044, *4 (N.D. Tex. Aug. 27, 2012).

### III.    PERSONAL JURISDICTION - FORUM SELECTION CLAUSE

A party may consent to personal jurisdiction through a forum selection clause providing for dispute resolution in a particular court, and enforcement of forum selection clauses does not offend due process.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985); *Kevlin Servs. Inc. v. Lexington State Bank*, 46 F.3d 13,

15 (5th Cir. 1995); *Rimkus Consulting Group, Inc. v. Rault Resources, Inc.*, 2008 WL 901483, *3 (S.D. Tex. Mar. 31, 2008) (Rosenthal, J.).

It is undisputed that Cass signed a Consultant Agreement with WMI that provides for all claims and disputes to be resolved in the Texas state court in Fort Bend County or in the United States District Court for the Southern District of Texas in Houston. *See* Consultant Agreement, Exh. F.15 to Response [Doc. # 26], ¶ 17. Additionally, Cass signed an Employment Agreement that contains a consent to jurisdiction in the federal court in Houston, Texas. *See* Employment Agreement, Exh. F.16 to Response [Doc. # 26], ¶ 10(o). Through these forum selection clauses, Cass consented to personal jurisdiction in this Court and his Motion to Dismiss for Lack of Personal Jurisdiction is **denied**.

WMI has presented evidence that the Rashkins entered into a Consultant Agreement, containing the same forum selection clause discussed above, by providing their electronic signature through WMI's website. The Rashkins state that they do not remember entering into the WMI Consultant Agreement, but WMI has presented the Rashkins' credit card information that they provided at the same time they entered into the Consultant Agreement. WMI has presented evidence that establishes a *prima facie* case of personal jurisdiction based on the forum selection clause in the Rashkins' Consultant Agreement. On this basis, the Court **denies** their Motion to Dismiss.

## IV.	PERSONAL JURISDICTION - SPECIFIC JURISDICTION

Additionally, WMI has presented evidence that establishes a *prima facie* case that specific personal jurisdiction exists as to Cass and the Rashkins. In analyzing minimum contacts, it is not the number but rather the quality and nature of the nonresident's contact with the forum that is important. *See Burger King*, 471 U.S. at 474-75. A defendant's single intentional act directed to the forum can be sufficient to confer personal jurisdiction "if that act gives rise to the claim being asserted." *See Lewis v. Fresne*, 252 F.3d 352, 258-59 (5th Cir. 2001).

WMI presented evidence that Cass sold WMI products to at least forty-eight (48) customers in Texas, and entered into the various agreements with WMI that were to be performed, at least in part, in Texas. WMI has presented evidence that Cass routinely communicated with WMI personnel in Texas and worked specifically with a WMI assistant in Texas. WMI presented evidence that Cass traveled to Texas for WMI business on at least five occasions.

WMI has presented evidence that the Rashkins, who were sales consultants for WMI from July 2008 to December 2010, sold WMI products to at least fifteen (15) customers in Texas. Based on those sales, WMI paid the Rashkins hundreds of thousands of dollars. The Rashkins communicated via telephone and email with Texas customers purchasing WMI products. The Rashkins sold WMI products using

an interactive website on which customers in Texas could sign up for access to the system and purchase WMI products online. The Rashkins were members of the WMI Executive Committee from July 15, 2009, until December 1, 2010. As Executive Committee members, the Rashkins participated in weekly telephone calls with WMI and other members located in Texas.

WMI's evidence establishes a *prima facie* case that this Court has personal jurisdiction over Cass and the Rashkins. On this basis also, the Court **denies** their Motions to Dismiss.

## V.    CONCLUSION AND ORDER

WMI has presented evidence that Cass and the Rashkins entered into contracts with WMI consenting to jurisdiction in this federal district court. Additionally, Cass and the Rashkins engaged in contacts with this district that are sufficient to establish a *prima facie* case of specific jurisdiction over them in this Court. Accordingly, it is hereby

**ORDERED** that Defendants Aaron Rashkin and Sophia Rashkin's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 12] and Defendant Andrew Cass's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 14] are **DENIED**. It is further

**ORDERED** that Plaintiff's Sur-Reply and Motion to Strike [Doc. # 32], the Rashkins' Objection and Motion to Strike Sur-Reply [Doc. # 33], and Plaintiff's Response to the Rashkins' Motion to Strike [Doc. # 34] are **STRICKEN**.

SIGNED at Houston, Texas, this **19th** day of **June, 2013.**

Nancy F. Atlas
United States District Judge