IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEALTH MASTERS INTERNATIONAL, LTD., Plaintiff, | § § § § | |
| v. | § § § § § | CIVIL ACTION NO. H-12-3421 |
| JASON "JAY" KUBASSEK, *et al.*, Defendants. | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 44] filed by Counter-Defendant Wealth Masters International, Ltd. ("WMI"), to which Counter-Plaintiffs Aaron Rashkin and Sophia Rashkin filed a Response [Doc. # 46]. WMI neither filed a reply nor requested additional time to do so. Having reviewed the full record and applied relevant legal authorities, the Court **denies** the Motion to Dismiss.

## **I.     BACKGROUND**

WMI, a Texas limited partnership, is a network marketing company that offers for sale products designed to educate individuals on financial planning. The Rashkins, citizens of Colorado, were sales consultants for WMI.[1]

---

[1]     By Memorandum and Order [Doc. # 35] entered June 19, 2013, the Court denied the Rashkins' Motion to Dismiss for Lack of Personal Jurisdiction.

WMI filed this lawsuit alleging that the Rashkins and others misappropriated its confidential information and trade secrets, and solicited WMI's employees and sales consultants to compete against WMI in violation of their fiduciary duties.

The Rashkins filed a Counterclaim [Doc. # 43], alleging that WMI is a pyramid scheme. The Rashkins allege that WMI violated the Texas Deceptive Trade Practices Act ("DTPA"), engaged in intentional misrepresentation and fraud, and breach its consulting contract with them. WMI filed its Motion to Dismiss, which is now ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court

should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

## III.  ANALYSIS

### A.  DTPA Claim

The elements of a DTPA claim under Texas law are that: (1) the plaintiff was a consumer; (2) that the defendant engaged in false, misleading, or deceptive acts, and (3) that those acts were a producing cause of the plaintiff's damages. *See Perez v. DNT Global Star, LLC*, 339 S.W.3d 692, 705 (Tex. App. – Houston [1st Dist.] 2011, no pet.). The Rashkins have alleged that they are consumers. *See* Counterclaim [Doc. # 43], ¶ 30. In the context presented, this allegation is sufficient to defeat WMI's Motion to Dismiss.

Under § 17.46(b) of the DTPA, "promoting a pyramid promotional scheme" as defined by § 17.461 constitutes "false, misleading, or deceptive acts." *See Miller v. Sexton*, 2002 WL 1981391, *2 (Tex. App. – Dallas 2002, no pet.). Section 17.461 defines "promoting a pyramid promotional scheme" as "inducing or attempting to induce one or more other persons to participate in a pyramid promotional scheme; or (2) assisting another person in inducing or attempting to induce one or more other persons to participate in a pyramid promotional scheme, including by providing references." *Id.* (quoting TEX. BUS. & COM. CODE § 17.461(a)(5)). "Pyramid

promotional scheme" under the DTPA means "a plan or operation by which a person gives consideration for the opportunity to receive compensation that is derived primarily from a person's introduction of other persons to participate in the plan or operation rather than from the sale of a product by a person introduced into the plan or operation." *See* TEX. BUS. & COM. CODE § 17.461(a)(6).  The Rashkins have adequately alleged that WMI uses a pyramid promotional scheme that has caused them monetary damages.  *See* Counterclaim, ¶¶ 9-27.  As a result, WMI's Motion to Dismiss the DTPA claim is denied.

### B. Misrepresentation and Fraud Claim

Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032

(5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." (internal quotation marks and citation omitted)).  Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred.  *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994).

In this case, the Rashkins allege that WMI made fraudulent statements through its business model and compensation plan, which they allege constitute a pyramid scheme.  The Rashkins allege also that WMI failed to provide legally required income disclosures, and falsely represented that the WMI consultant community includes "six, multiple-six and even seven figure income earners."  *See* Counterclaim, ¶ 25.  The Rashkins allege further that WMI co-founder Karl Bessey and others falsely represented on Internet websites that WMI's business and products had been endorsed by third parties, including "the world's most successful people in order to deceive consultants into participating in its pyramid scheme."  *See id.*, ¶ 26.  The Rashkins allege that they relied on these misrepresentations to their detriment and incurred monetary damages as a result.  These allegations satisfy the pleading requirements of Rule 9(b), and the Motion to Dismiss the intentional misrepresentation and fraud claim is denied.

### C. Breach of Contract Claim

As an alternative theory of relief, the Rashkins assert that WMI breached its contract with them. In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).

The Rashkins have alleged that they entered into a consulting agreement with WMI. The consulting agreement specifically incorporates WMI's "marketing plans, rules and regulations, and policies and procedures." WMI's "Policies and Procedures" include WMI's compensation plan. The Rashkins allege that they earned commissions and other income under the consulting agreement and the compensation plan, and that WMI has refused to pay those earnings. The Rashkins allege also that WMI breached the consulting agreement with the Rashkins when it wrongfully terminated the contract. The Rashkins allege that WMI's breach of the consulting agreement caused them to suffer monetary damages. As a result, the Rashkins have adequately asserted a breach of contract claim and the Motion to Dismiss this claim is denied.[2]

---

[2] WMI argues that the breach of contract claim should be dismissed because the Rashkins seek rescission of the consulting agreement, yet have failed to allege that "they will tender to WMI the benefits they obtained under the Agreement they want
(continued...)

## IV. CONCLUSION AND ORDER

The Rashkins have adequately alleged the causes of action in their Counterclaim against WMI. Accordingly, it is hereby

**ORDERED** that WMI's Motion to Dismiss [Doc. # 44] is **DENIED**.

SIGNED at Houston, Texas, this 1st day of **October, 2013.**

Nancy F. Atlas
United States District Judge

---

[2]   (...continued)
to cancel." *See* Motion to Dismiss, p. 10. This argument appears to misapprehend the Rashkins' claim. They assert breach of contract as an alternative claim in which they seek only monetary relief for the damages they allege resulted from WMI's breach of the consulting agreement. WMI cites no legal authority for the position that the Rashkins cannot obtain monetary relief unless they offer to return amounts they earned and received under the contract prior to the alleged breach.